CLARA SCHROEDER BY AUGUST SCHROEDER, HER FATHER AND NEXT FRIEND

*v.*

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

RESPONDEAT SUPERIOR—*doctrine of not applicable to the State.* The State is not liable for the misfeasance, wrongs or negligence of its officers, agents or servants.

Francis X. Busch, for Claimant.

P. J. Lucey, Attorney General, for State.

The State is not responsible for the misfeasance, wrongs, negligence or omissions of duty of its officers, agents or servants for it does not guarantee to any person the fidelity of the officer or agent whom it employs. *Henke* v. *State,* 2 Ct. of Cl. R., 11; *Rood* v. *State,* 2 Ct. of Cl. R. 22. The doctrine of *responudeat superior* does not apply to the State, and the State is not liable for the torts of its officers, agents and employees. *Buszkiewicz* v. *State* 2 Ct. of Cl. R., 394; *State Bank of Chicago, Admr.* v. *State,* 1 Ct. of Cl. R., 158.

The declaration in this case discloses that the claimant, Clara Schroeder, a little girl of about fourteen years was injured on June 7, 1914, by falling over a wire gate in Lincoln Park while she and a little companion of about the same age were strolling near the duck pond of the park. She suffered a fracture of two bones between the wrist and elbow of her left arm and while the injury will probably cause her arm to become weakened, the physician in attendance stated that as she grew older the arm would become as strong as ever.

In paragraph 4 of section 3 of the Act of 1903, creating the Court of Claims, it provides among other matters, that the Court of Claims shall hear and determine "All other unadjusted claims of whatsoever nature or character against the State of Illinois."

Counsel for claimant contends that the case at bar comes within this classification.

In the case of the *State Bank of Chicago* v. *State,* 1 Ct. of Cl. R., page 164, the Court held as follows: "Public or State officers with only certain powers and duties enjoined upon them by the statute do not come within the doctrine of respondeat superior. Applying this rule the South Park Commissioners being merely appointive officers with certain statutory powers are mere subdivisions of the government. They are mere assistants to the State in the exercise of its functions; not created at their own instance but for the purpose of aiding and assisting the sovereign powers of the State in carrying on the functions of the government and they are not liable for the negligence or tortious acts

of its servants." Further the Court said: "It has been judically decided that the Board of South Park Commissioners are not liable in their corporate capacity. How, then, can it now be claimed that the State is liable for the acts of the Board of South Park Commissioners?" This case was cited with approval by the Court in the case of *Busckewicz* v. *State, supra,* and the doctrine therein announced has been uniformly followed by this Court.

The claimant in that case was seeking an award by reason of the alleged negligence of the Lincoln Park Board, and as in this case insisted that the claim came within that part of section 3 of the Act of 1903 which recites that "it shall be the duty of the said Court to hear and determine * * * all other unadjusted claims of whatsoever nature or character against the State."

The Court in its opinion in the case of *Henke* v. *State, supra,* on page 13, held as follows: "Prior to 1877 there was no forum or tribunal in this State wherein claims could be filed against the State of Illinois. By the Act of 1877, first creating the Commission of Claims, to be composed of one Judge of the Supreme Court and two Circuit Judges of the State, it was declared to be the duty of the Commission 'to hear and determine all unadjusted claims of all persons against the State of Illinois.' During the existence of the Commission under this Act no claim for personal injuries seems to have been filed against the State. In 1889 the Legislature revised the Commission of Claims Act, changing the manner in which the commission should be constituted, and speficially setting forth its jurisdiction. The clause referred to in section three by claimant as to 'all other unadjusted claims' first appeared in this Act. The same year this Act went into force, the commission early passed upon the question here involved, and the opinion then rendered has been an established principle, closely followed by this Court, ever since in the adjudication of similar cases. It was then held *(Schmidt* v. *State,* 1 Ct. of Cl. R. 76-79) that the law creating this commission does not undertake to create a new liability against the State, but provides a method by which claims against the State may be heard before this commission.' And again on page 80, 'It is our understanding that * * * this commission has no power to make an award in any case unless the facts show a legal or equitable claim against the State.'

In so doing the commission seemed to follow the opinion of the Massachusetts Court filed the same year, in *Murdock Grate Co.,* v. *Commonwealth,* 24 N. E. 854, where the Court in passing upon a similar statute in that State succinctly says: 'The Act we are discussing discloses no intention to create against the State a new and heretofore unrecognized class of liabilities, but only an intention to provide a judicial tribunal where well recognized existing liabilities can be adjudicated.'"

The law is so well settled that the State is not responsible for the misfeasance, wrongs, negligence or omissions of duty of its officers, agents or servants (which includes the Commissioners of the Lincoln Park Board), in the absence of statutory enactment creating liability that it precludes a recovery. It is therefore the judgment of the Court that this claim be denied.